## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of ___CHATHAM_____ County

| For Clerk Use Only | |
|---|---|
| Date Filed __3/12/2021__ | Case Number __STCV21-00505__ |
| **MM-DD-YYYY** | |

**Plaintiff(s)**
WHITE, MARCIARRIA

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| HARRIS, SHAQUITHEA | | | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**
ORANGE PEEL TRANSPORTATION, INC.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| CHARLTON COLLAR | | | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| XYZ CORPORATION (#1-20) | | | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| JOHN DOE (#1-5) | | | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** GARY TILLER     **Bar Number** 620627     **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**
- ☒ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contract**
- ☐ **Garnishment**
- ☐ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☐ **Other General Civil**

**Domestic Relations Cases**
- ☐ **Adoption**
- ☐ **Dissolution/Divorce/Separate Maintenance**
- ☐ **Family Violence Petition**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

**Post-Judgment – Check One Case Type**
- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Modification**
- ☐ **Other/Administrative**

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____     _____
        **Case Number**                    **Case Number**

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
                                                                        **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____
_____

Version 1.1.18

EXHIBIT A

Copy from re:SearchGA

## THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| MARCIARRIA WHITE & <br> SHAQUITHEA HARRIS, | ) <br> ) <br> ) | |
| **Plaintiffs,** | ) | CIVIL ACTION  STCV21-00505 |
| v. | ) | FILE NO: |
| | ) | |
| CHARLTON COLLAR, ORANGE <br> PEEL TRANSPORTATION, INC., <br> XYZ CORPORATION (#1-20) & <br> JOHN DOE (#1-5) | ) <br> ) <br> ) <br> ) | JURY TRIAL DEMANDED |
| | ) | |
| **Defendants.** | ) <br> ) | |

## CIVIL SUMMONS

TO:   **DEFENDANT ORANGE PEEL TRANSPORTATION, INC**

You are hereby summoned and required to file the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is below:

**Gary M. Tiller**
**Morgan & Morgan**
**25 Bull Street, Suite 400**
**Savannah, Georgia 31404**
**gtiller@forthepeople.com**
**mferguson@forthepeople.com**

An answer to the Complaint and discovery requests that are herewith served upon you, within thirty days after the date of this service, exclusive of the day of service. If you fail to do so, Judgement by default will be taken against you for the relief demanded in the complaint.

This ____12th____ Day of ____March____, 2020 2021

BY:____/s/ Moneisha Green_____

**DEPUTY CLERK**

Copy from re:SearchGA

RECEIVED FOR FILING, STATE COURT OF CHATHAM CO., GA 3/12/2021 3:51 PM

*Brian K. Hart* - Clerk of Court

## THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **MARCIARRIA WHITE &** ) | |
| **SHAQUITHEA HARRIS,** ) | |
| ) | |
| **Plaintiffs,** ) | **CIVIL ACTION** STCV21-00505 |
| **v.** ) | **FILE NO:** |
| ) | |
| **CHARLTON COLLAR, ORANGE** ) | |
| **PEEL TRANSPORTATION, INC.,** ) | **JURY TRIAL DEMANDED** |
| **XYZ CORPORATION (#1-20) &** ) | |
| **JOHN DOE (#1-5)** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## CIVIL SUMMONS

**TO: DEFENDANT CHARLTON COLLAR**

You are hereby summoned and required to file the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is below:

**Gary M. Tiller**
**Morgan & Morgan**
**25 Bull Street, Suite 400**
**Savannah, Georgia 31404**
**gtiller@forthepeople.com**
**mferguson@forthepeople.com**

An answer to the Complaint and discovery requests that are herewith served upon you, within thirty days after the date of this service, exclusive of the day of service. If you fail to do so, Judgement by default will be taken against you for the relief demanded in the complaint.

This ___12th___ Day of ___March___, 2021 ~~2020~~

BY: ___/s/ Moneisha Green___

**DEPUTY CLERK**

Copy from re:SearchGA

## THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **MARCIARRIA WHITE &** | ) | |
| **SHAQUITHEA HARRIS,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **CIVIL ACTION** STCV21-00505 |
| **v.** | ) | **FILE NO:** |
| | ) | |
| **CHARLTON COLLAR, ORANGE** | ) | |
| **PEEL TRANSPORTATION, INC.,** | ) | **JURY TRIAL DEMANDED** |
| **XYZ CORPORATION (#1-20) &** | ) | |
| **JOHN DOE (#1-5)** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

COMES NOW Plaintiffs, Marciaria White and Shaquithea Harris, and state their Complaint against Defendants Charlton Collar, Orange Peel Transportation, Inc., XWZ Corporation (#1-20), and John Doe (#1-5) as follows:

1.

Plaintiffs are residents of the State of Georgia.

2.

Defendant Charlton Collar was the driver of a vehicle involved in the subject collision and is a resident of the State of North Carolina who is subject to the jurisdiction of this Court pursuant to the Georgia Law Arm Statute O.C.G.A. § 9-10-91 and may be served by issuing Summons and a second original of this Complaint to him at his last known address of 1519 Kentucky Avenue; Sanford, North Carolina, 27332. Defendant

1

Copy from re:SearchGA

Charlton Collar is subject to the jurisdiction of this Court pursuant to the Georgia Long Arm Statute, O.C.G.A. § 9-10-91.

3.

Defendant Orange Peel Transportation, Inc. ("OPT") is a domestic for profit corporation transacting business in the State of Georgia with a principle place of business in 2568 Precision Drive, Virginia Beach, Virginia, 23454, and may be served by service of the Summons and Complaint upon registered agent for service of Burton Burroughs, whose registered address is 1225 Bob Harmon Road, Suite 201, Savannah, Georgia 32408. Defendant OPT is subject to the jurisdiction of this Court pursuant to the Georgia Long Arm Statute, O.C.G.A. § 9-10-91 and as the collision that is the subject of this lawsuit occurred in Chatham County, Georgia.

4.

Defendants XYZ Corp. Nos. 1 through 20, whose identities and whereabouts are currently unknown, are subject to the jurisdiction and venue of this Court. Defendants XYZ Corp. Nos. 1 through 20 will be named and served with Summons and Complaint once their respective identities are revealed.

5.

Defendants John Does Nos. 1 through 5, whose identities and whereabouts are currently unknown, are subject to the jurisdiction and venue of this Court. Defendants

Copy from re:SearchGA

John Does Nos. 1 through 5 will be named and served with Summons and Complaint once their respective identities are revealed.

6.

Defendants Charlton Collar, OPT, XYZ Corporation (#1-20), and John Doe (#1-5) are joint tortfeasors with the negligence of Defendants occurring in Chatham County, and as such, venue as to all Defendants is proper in Chatham County, Georgia.

## COUNT I –
## NEGLIGENCE OF DEFENDANT CHARLTON PRESLEY COLLAR

7.

Plaintiffs reallege and incorporate herein by reference paragraphs 1 through 6 above as if they were fully restated verbatim.

8.

On August 14, 2020, at approximately 12:27 p.m., Plaintiff Marciaria White, with Plaintiff Shaquithea Harris as a passenger, was driving her 2019 Chrysler Pacifica in a safe and prudent manner in Chatham County, Georgia.

9.

On or about the same time and place, Defendant Charlton Collar was driving a 2016 Ford Transit owned by Defendant OPT in Chatham County, Georgia, when he

3

negligently, recklessly, carelessly and unlawfully operated said vehicle so as to cause it to collide with the vehicle Plaintiffs were occupying.

10.

As a result of the crash, Plaintiffs suffered multiple injuries.

11.

At all relevant times, Defendant Charlton Collar owed certain civil duties to Plaintiffs. Notwithstanding those duties, Defendant Charlton Collar did violate them in the following particulars:

a.  In following too closely in violation of O.C.G.A. § 40-6-49;

b.  In failing to make reasonable and proper observations while driving the 2016 Ford Transit; or, if reasonable and proper observations were made, failing to act thereon;

c.  In failing to make timely and proper application of his brakes in violation of O.C.G.A. § 40-6-241;

d.  In failing to observe or undertake the necessary precautions to keep the tractor trailer from colliding with the 2019 Chrysler Pacifica in violation of O.C.G.A. § 40-6-390;

e.  In driving the 2016 Ford Transit without due caution and circumspection and in a manner so as to endanger the person and/or property of others in

4

Copy from re:SearchGA

the immediate vicinity in violation of O.C.G.A. § 40-6-241;

f.  In driving the 2016 Ford Transit in reckless disregard for the safety of persons and/or property in violation of O.C.G.A. § 40-6-390; and

g.  In committing other negligent and reckless acts and omissions as may be shown by the evidence and proven at trial.

12.

Defendant Charlton Collar's violations of the aforementioned duties of care constitute negligence *per se*.

13.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant Charlton Collar, Plaintiff Marciaria White suffered significant injuries, medical expenses, and damages. These damages include emotional distress, personal inconvenience, mental and physical pain and suffering, loss of enjoyment of life, due to the violence of the collision and injuries to the Plaintiff's body and nervous system, plus the inability to lead a normal life. As a result of the subject collision, Plaintiff Marciaria White has incurred in excess of **$55,752.90** in past medical expenses.

14.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant Charlton Collar, Plaintiff Shaquithea Harris suffered significant injuries,

Copy from re:SearchGA

medical expenses, and damages. These damages include emotional distress, personal inconvenience, mental and physical pain and suffering, loss of enjoyment of life, due to the violence of the collision and injuries to the Plaintiff's body and nervous system, plus the inability to lead a normal life. As a result of the subject collision, Plaintiff Shaquithea Harris has incurred in excess of **$44,099.30** in past medical expenses.

## COUNT II – NEGLIGENCE OF DEFENDANT
## ORANGE PEEL TRANSPORTATION INC.

### 15.

Plaintiffs reallege and incorporate herein by reference paragraphs 1 through 14 above as if they were fully restated verbatim.

### 16.

At all relevant times, Defendant Charlton Collar was an employee and agent of Defendant OPT and Defendant Charlton Collar was driving the 2016 Ford Transit within the course and scope of his employment with Defendant OPT.

### 17.

Defendant OPT is liable for the acts and omissions of Defendant Charlton Collar as Defendant OPT's agent and employee at the time of the collision-in-suit, under the theory of _respondeat superior_.

Copy from re:SearchGA

RECEIVED FOR FILING 4.21-CV-00115-WTM-CLR. Document 1-1 6:36 PM

Brian K. Hart   -Clerk of Court

18.

Defendant OPT negligently hired, retained, and supervised Defendant Charlton Collar.

19.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant OPT, Plaintiff Marciaria White suffered significant injuries, medical expenses, and damages. These damages include emotional distress, personal inconvenience, mental and physical pain and suffering, loss of enjoyment of life, due to the violence of the collision and injuries to the Plaintiff's body and nervous system, plus the inability to lead a normal life. As a result of the subject collision, Plaintiff Marciaria White has incurred in excess of **$55,752.90** in past medical expenses.

20.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant OPT, Plaintiff Shaquithea Harris suffered significant injuries, medical expenses, and damages. These damages include emotional distress, personal inconvenience, mental and physical pain and suffering, loss of enjoyment of life, due to the violence of the collision and injuries to the Plaintiff's body and nervous system, plus the inability to lead a normal life. As a result of the subject collision, Plaintiff Shaquithea Harris has incurred in excess of **$44,099.30** in past medical expenses.

Copy from re:SearchGA

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully prays and demands as follows:

a.   That Process and Summons issue, as provided by law, requiring Defendants to appear and answer Plaintiffs' Complaint;

b.   That service be had upon Defendants as provided by law;

c.   That Plaintiffs have and recover general damages from Defendants, as the jury deems is liable to Plaintiffs, and in such an amount as the jury deems just and appropriate to fully and completely compensate Plaintiffs for all of their injuries and pain and suffering, mental, physical, and emotional, past, present, and future;

d.   That Plaintiffs have and recover from Defendants, special damages for past and future medical expenses and loss of income in the past and future in such an amount as shall be proven at trial;

e.   That this matter be tried to a jury;

f.   That all costs be cast against the Defendants; and

g.   For such other and further relief as this Court deems just and appropriate.

This 11th Day of March, 2021.

**MORGAN & MORGAN**                              _/s/Gary M. Tiller_
25 Bull Street, Suite 400                         Gary M. Tiller, Esq.
Savannah, Georgia  31401                          gtiller@forthepeople.com
Phone:  (912) 443-1036                            Georgia State Bar No. 620627
gtiller@forthepeople.com                          _Attorney for Plaintiff_

Copy from re:SearchGA

## THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **MARCIARRIA WHITE &** | ) | |
| **SHAQUITHEA HARRIS,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **CIVIL ACTION** |
| **v.** | ) | **FILE NO: STCV20-00505** |
| | ) | |
| **CHARLTON PRESLEY COLLAR;** | ) | |
| **ORANGE PEEL** | ) | **JURY TRIAL DEMANDED** |
| **TRANSPORTATION, INC.;** | ) | |
| **CITIZENS INSURANCE** | ) | |
| **COMPANY OF AMERICA; XYZ** | ) | |
| **CORPORATION (#1-20) & JOHN** | ) | |
| **DOE (#1-5)** | ) | |
| | ) | |
| **Defendants.** | ) | |

### PLAINTIFF'S MOTION TO APPOINT MAURICE HARRINGTON SPECIAL PROCESS SERVER

COMES NOW, **PLAINTIFF MARCIARRIA WHITE and PLAINTIFF SHAQUITHEA HARRIS** and pursuant to O.C.G.A. § 9-11-4(c), respectfully asks the Court to appoint **MAURICE HARRINGTON** as special agent to perfect service of summons and complaint filed herein upon the Defendant, and in support thereof shows the Court the following:

1.

The proposed special agent is neither employee of Plaintiff nor Plaintiff's counsel and is a citizen of the United States above the age of eighteen years.

2.

**MAURICE HARRINGTON is** a licensed private investigator in the state of Georgia and has served summons and complaints of this kind and nature all over the state of Georgia.

Copy from re:SearchGA

**WHEREFORE,** Plaintiff prays that an Order issue appointing **MAURICE HARRINGTON** as special agent to perfect service of the summons and complaint filed herein upon the Defendant. A proposed order appointing **MAURICE HARINGTON** as special agent to serve process is attached hereto.

**Signature on following page**

This 16TH Day of March, 2021.

**MORGAN & MORGAN**
25 Bull Street, Suite 400
Savannah, Georgia 31401
Phone: (912) 443-1036
gtiller@forthepeople.com

_____/s/Gary M. Tiller_____
Gary M. Tiller, Esq.
gtiller@forthepeople.com
Georgia State Bar No. 620627
*Attorney for Plaintiff*

2

Copy from re:SearchGA

## THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **MARCIARRIA WHITE &** | ) | |
| **SHAQUITHEA HARRIS,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **CIVIL ACTION** |
| **v.** | ) | **FILE NO:  STCV20-00505** |
| | ) | |
| **CHARLTON PRESLEY COLLAR;** | ) | |
| **ORANGE PEEL** | ) | **JURY TRIAL DEMANDED** |
| **TRANSPORTATION, INC.;** | ) | |
| **CITIZENS INSURANCE** | ) | |
| **COMPANY OF AMERICA; XYZ** | ) | |
| **CORPORATION (#1-20) & JOHN** | ) | |
| **DOE (#1-5)** | ) | |
| | ) | |
| **Defendants.** | ) | |

### ORDER GRANTING PLAINTIFF'S MOTION TO APPOINT MAURICE HARRINGTON AS SPECIAL PROCESS SERVER

Plaintiff's Motion for Appointment of Special Process Server being before this Court for consideration, and it appearing that **MAURICE HARRINGTON** is qualified for such appointment pursuant to O.C.G.A. § 9-11-4(c).

**IT IS HEREBY ORDERED** that said Motion is hereby granted. **MAURICE HARRINGTON** is specially appointed as process server authorized to serve the Summons and Complaint in this matter pursuant to O.C.G.A. § 9-11-4(c).

SO ORDERED this _____ day of _____, 2021.

_____
Judge, State Court of Chatham County

*Prepared by:*
*Gary M. Tiller, Esq.*
*Morgan & Morgan*
*25 Bull Street, Suite 400*

Copy from re:SearchGA

*Savannah, GA 31401*
*912-443-1036*
*mferguson@forthepeople.com*

Copy from re:SearchGA

## THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **MARCIARRIA WHITE &** | ) | |
| **SHAQUITHEA HARRIS,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **CIVIL ACTION** |
| **v.** | ) | **FILE NO:  STCV21-00505** |
| | ) | |
| **CHARLTON COLLAR, ORANGE** | ) | |
| **PEEL TRANSPORTATION, INC.,** | ) | **JURY TRIAL DEMANDED** |
| **XYZ CORPORATION (#1-20) &** | ) | |
| **JOHN DOE (#1-5)** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## CIVIL SUMMONS

**TO:   UM PROGRESSIVE MOUNTAIN INSURANCE COMPANY**

You are hereby summoned and required to file the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is below:

**Gary M. Tiller**
**Morgan & Morgan**
**25 Bull Street, Suite 400**
**Savannah, Georgia 31404**
**gtiller@forthepeople.com**
**mferguson@forthepeople.com**

An answer to the Complaint and discovery requests that are herewith served upon you, within thirty days after the date of this service, exclusive of the day of service. If you fail to do so, Judgement by default will be taken against you for the relief demanded in the complaint.

This_____ Day of _____, 2020

/s/ Larry Perkins

BY:_____

**DEPUTY CLERK**

Copy from re:SearchGA

## THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| MARCIARRIA WHITE &<br>SHAQUITHEA HARRIS, | ) | |
| | ) | |
| **Plaintiffs,** | ) | CIVIL ACTION STCV21-00505 |
| v. | ) | FILE NO: |
| | ) | |
| CHARLTON COLLAR, ORANGE | ) | |
| PEEL TRANSPORTATION, INC., | ) | **JURY TRIAL DEMANDED** |
| XYZ CORPORATION (#1-20) & | ) | |
| JOHN DOE (#1-5) | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

### RULE 5.2 CERTIFICATE OF SERVICE

This is to certify that pursuant to Uniform Court Rule 5.2, I have served upon all

Defendants in the foregoing matter with a copy of the following:

1. **Plaintiffs First Request for Admissions to Orange Peel Transportation, Inc.;**
2. **Plaintiffs' First Interrogatories and Request for Production of Documents to Orange Peel Transportation, Inc.;**
3. **Plaintiffs First Request for Admissions to Defendant Charlton Collar;**
4. **Plaintiffs' First Interrogatories and Request for Production of Documents to Defendant Charlton Collar**

This 12th Day of March, 2021.

                                  _/s/Gary M. Tiller_

                                  Gary M. Tiller

                                  Georgia State Bar No. 620627

**MORGAN & MORGAN**
                                  *Attorney for Plaintiff*
25 Bull Street, Suite 400
Savannah, Georgia 31401
Phone: (912) 443-1036
Fax: (912) 443-1192
gtiller@forthepeople.com

47

Copy from re:SearchGA

48

Copy from re:SearchGA

# Affidavit of Process Server

## THE STATE COURT OF CHATHAM COUNTY STATE OF GEORGIA
(NAME OF COURT)

MARCIARRIA WHITE/SHAQUITHEA HARRIS  VS  ORANGE PEEL TRANSPORTATION, INC  STCV21-00505

PLAINTIFF/PETITIONER | DEFENDANT/RESPONDENT | CASE NUMBER

I, **FRANK A. LOADHOLT III**, being first duly sworn, depose and say: that I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to perform said service.

Service: I ☒served ☐was unable to serve : ORANGE PEEL TRANSPORTATION, INC.
NAME OF PERSON TO BE SERVED

with (list documents) SUMMONS/COMPLAINT

by leaving with CHARLTON PRESLEY COLLAR        MANAGER        At
NAME                         RELATIONSHIP / POSITION

☐ Residence _____
ADDRESS                    CITY / STATE

☒ Business  1225 BOB HARMON RD. STE# 201    GARDEN CITY/GA. 31408
ADDRESS                    CITY / STATE

On 3/18/2021                    AT 2:30 PM
DATE                         TIME

☐ Inquired if subject was a member of the U.S. Military and was informed they are not.

Thereafter copies of the documents were mailed by prepaid, first class mail on _____
DATE

from _____
CITY        STATE        ZIP

**Manner of Service:**
☐ **Personal:** By personally delivering copies to the person being served.
☐ **Substituted at Residence:** By leaving copies at the dwelling house or usual place of abode of the person being served with a member of the household over the age of _____ and explaining the general nature of the papers.
☐ **Substituted at Business:** By leaving, during office hours, copies at the office of the person/entity being served with the person apparently in charge thereof.
☒ **Corporate:** By personally delivering copies to the person named above.
☐ **Posting:** By posting copies in a conspicuous manner to the front door of the person/entity being served.

**Non-Service:** After due search, careful inquiry and diligent attempts at the address(es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

☐ Unknown at Address    ☐ Moved, Left no Forwarding    ☐ Service Cancelled by Litigant  ☐ Unable to Serve in Timely Fashion
☐ Address Does Not Exist ☐ Other _____

Service Attempts: Service was attempted on: (1) 3/18/2021    2:30 pm    (2) _____
DATE        TIME        DATE    TIME

(3) _____    (4) _____    (5) _____
DATE    TIME        DATE    TIME        DATE    TIME

Description:. Age 65  Sex M  Race W  Height 5'5  Weight 200  Hair GREY Beard N  Glasses N

_Frank A. Loadholt III_
SIGNATURE OF PROCESS SERVER

SUBSCRIBED AND SWORN to before me this 18th day of MARCH, 20 21, by Frank Loadholt
Proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

_Melissa Peeples_
SIGNATURE OF NOTARY PUBLIC

NOTARY PUBLIC for the state of ____

MELISSA L PEEPLES
NOTARY PUBLIC
MY COMMISSION
EXPIRES
4/14/2023
CAMDEN COUNTY, GEORGIA

FORM 2    NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS

Copy from re:SearchGA

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 3/23/2021 7:06 PM

# Affidavit of Process Server

*Brian H. Hart* -Clerk of Court

## THE STATE COURT OF CHATHAM COUNTY STATE OF GEROGIA

(NAME OF COURT)

MARCIARRIA WHITE/SHAQUITHEA HARRIS    VS    CHARLTON PRESLEY COLLAR  STCV21-00505

| PLAINTIFF/PETITIONER | DEFENDANT/RESPONDENT | CASE NUMBER |

I **FRANK A. LOADHOLT III**_____, being first duly sworn, depose and say:  that I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to perform said service.

**Service:** I ■served ☐was unable to serve : **CHARLTON PRESLEY COLLAR**

NAME OF PERSON TO BE SERVED

with (list documents) **SUMMOMS/COMPLAINT**

by leaving with _____ At

NAME                    RELATIONSHIP / POSITION

☐ Residence _____

ADDRESS                    CITY / STATE

■ Business  1225 BOB HARMON RD. STE# 201          GARDEN CITY/GA. 31408

ADDRESS                    CITY / STATE

On 3/18/2021                              AT 2:30 P.M.

DATE                    TIME

☐ Inquired if subject was a member of the U.S. Military and was informed they are not.

Thereafter copies of the documents were mailed by prepaid, first class mail on_____

DATE

from _____

CITY        STATE        ZIP

**Manner of Service:**

■ **Personal:** By personally delivering copies to the person being served.

☐ **Substituted at Residence:** By leaving copies at the dwelling house or usual place of abode of the person being served with a member of the household over the age of _____ and explaining the general nature of the papers.

☐ **Substituted at Business:** By leaving, during office hours, copies at the office of the person/entity being served with the person apparently in charge thereof.

☐ **Corporate:** By personally delivering copies to the person named above.

☐ **Posting:** By posting copies in a conspicuous manner to the front door of the person/entity being served.

**Non-Service:** After due search, careful inquiry and diligent attempts at the address(es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

☐ Unknown at Address    ☐ Moved, Left no Forwarding    ☐ Service Cancelled by Litigant ☐ Unable to Serve in Timely Fashion
☐ Address Does Not Exist ☐ Other_____

**Service Attempts:** Service was attempted on: (1) 3/18/2021    2:30 P.M.   (2) _____

DATE        TIME                    DATE        TIME

(3)_____ (4)_____ (5)_____

DATE        TIME            DATE        TIME            DATE        TIME

**Description:**. Age 65 Sex M Race W Height 5'5 Weight 200 Hair GREY Beard N Glasses N

*Frank A. Loadholt III*

SIGNATURE OF PROCESS SERVER

SUBSCRIBED AND SWORN to before me this _____day of _____, 20___, by _____,
Proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

_____

SIGNATURE OF NOTARY PUBLIC

NOTARY PUBLIC for the state of_____

**NAPPS**

FORM 2        NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS

Copy from re:SearchGA

### THE STATE COURT OF CHATHAM COUNTY
### STATE OF GEORGIA

| | |
|---|---|
| **MARCIARRIA WHITE &** ) | |
| **SHAQUITHEA HARRIS,** ) | |
| ) | |
| **Plaintiffs,** ) | **CIVIL ACTION** |
| **v.** ) | **FILE NO: STCV20-00505** |
| ) | |
| **CHARLTON PRESLEY COLLAR;** ) | |
| **ORANGE PEEL** ) | **JURY TRIAL DEMANDED** |
| **TRANSPORTATION, INC.;** ) | |
| **CITIZENS INSURANCE** ) | |
| **COMPANY OF AMERICA; XYZ** ) | |
| **CORPORATION (#1-20) & JOHN** ) | |
| **DOE (#1-5)** ) | |
| ) | |
| **Defendants.** ) | |

### ORDER GRANTING PLAINTIFF'S MOTION TO APPOINT MAURICE HARRINGTON AS SPECIAL PROCESS SERVER

Plaintiff's Motion for Appointment of Special Process Server being before this Court for consideration, and it appearing that **MAURICE HARRINGTON** is qualified for such appointment pursuant to O.C.G.A. § 9-11-4(c).

**IT IS HEREBY ORDERED** that said Motion is hereby granted. **MAURICE HARRINGTON** is specially appointed as process server authorized to serve the Summons and Complaint in this matter pursuant to O.C.G.A. § 9-11-4(c).

SO ORDERED this 29th day of March , 2021.

_____
Judge, State Court of Chatham County

**Judge Elizabeth E. Coolidge**
**State Court, Chatham County, Ga.**

*Prepared by:*
*Gary M. Tiller, Esq.*
*Morgan & Morgan*
*25 Bull Street, Suite 400*

Copy from re:SearchGA

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 3/30/2021 8:47 PM

| Civil Action No. **STCV21-00505** | **GWINNETT COUNTY SHERIFF'S OFFICE,** |
|---|---|
| **CHATHAM COUNTY** | **GWINNETT COUNTY, GEORGIA** |
| Date Filed      **MARCH 12, 2021** | |

| Attorney's or Plaintiff's Address & Tel #: | |
|---|---|
| **MORGAN & MORGAN**<br>**GARY M. TILLER/Maureen Ferguson**<br>**25 BULL STREET, SUIT 400**<br>**SAVANNAH, GEORGIA 31401**<br><br>**(P): 912-443-1036 (Maureen Ferguson)** | **MARCIARIA WHITE &**<br>**SHAQUITHEA HARRIS**<br>**PLAINTIFF**<br>VS.<br><br>**CHARLTON COLLAR, ORANGE PEEL**<br>**TRANSPORTATION INC.**<br>**DEFENDANT** |

| Name and Address & Tel. # of Party to be Served | Service of the Following: |
|---|---|
| **PROGRESSIVE MOUNTAIN INSURANCE**<br>**COMPANY; 289 SOUTH CULVER STREET;**<br>**LAURENCEVILLE, GA 30046** | 1. Summons<br>2. Plaintiff's Complaint<br>3. Plaintiff's Request for Interrogatories & Production<br>4. Plaintiff's Request for Admissions<br>5. 5.2 Certificate of Service |

## SHERIFF'S ENTRY OF SERVICE

I HAVE THIS DAY SERVED THE WITHIN ACTION AND SUMMONS AS FOLLOWS:

**[ ] PERSONAL**  Upon the following named defendant:

**[ ] NOTORIOUS** Upon defendant _____
By leaving a copy of the action and summons at the most notorious place of abode in the county.

Delivered the same to_____ described as follows:
approximate age _____ years; approximate weight_____pounds; approximate height_____feet and_____inches, domiciled at the listed residence of the defendant.

**[✓] CORPORATION** Upon corporation _Progressive Mountain Insurance Company_

By serving _____, in charge of the office and
place of business of the corporation in this county.

By serving _____ _Linda Banks_ _____, its registered agent.

**[ ] TACK & MAIL** By posting a copy of the same to the door of the premises designated in the affidavit and/or summons, and on the same day of such posting, by depositing a true copy of the same in the United States mail First Class mail, in an envelope properly addressed to the defendant(s) at the address shown in the summons, containing adequate notice to the defendant(s) to answer said summons at the place stated in the summons.

**[ ] NON EST** Did not serve because after a diligent search the defendant could not be found in the jurisdiction of the court.

_____

This _____22_____ day of _____ _Mar_ _____, 20 _21_.

| SHERIFF DOCKET_____ PAGE | |
|---|---|
| TIME: _____ ___. M. | DEPUTY |

Q:\ Magforms\Forms\MAG 10-10 Sheriff's Entry of Service

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 3/30/2021 8:47 PM     Briana H. Hart -Clerk of Court

| Civil Action No. **STCV21-00505** | **GWINNETT COUNTY SHERIFF'S OFFICE,** |
|---|---|
| **CHATHAM COUNTY** | **GWINNETT COUNTY, GEORGIA** |
| Date Filed **MARCH 12, 2021** | |

| Attorney's or Plaintiff's Address & Tel #: | |
|---|---|
| **MORGAN & MORGAN** <br> **GARY M. TILLER/Maureen Ferguson** <br> **25 BULL STREET, SUIT 400** <br> **SAVANNAH, GEORGIA 31401** <br><br> **(P): 912-443-1036 (Maureen Ferguson)** | **MARCIARIA WHITE &** <br> **SHAQUITHEA HARRIS** <br> **PLAINTIFF** <br><br> VS. <br><br> **CHARLTON COLLAR, ORANGE PEEL** <br> **TRANSPORTATION INC.** <br> **DEFENDANT** |

| Name and Address & Tel. # of Party to be Served <br><br> **PROGRESSIVE MOUNTAIN INSURANCE** <br> **COMPANY; 289 SOUTH CULVER STREET;** <br> **LAURENCEVILLE, GA 30046** | Service of the Following: <br> 1. Summons <br> 2. Plaintiff's Complaint <br> 3. Plaintiff's Request for Interrogatories & Production <br> 4. Plaintiff's Request for Admissions <br> 5. 5.2 Certificate of Service <br> _____ <br> _____ |
|---|---|

### SHERIFF'S ENTRY OF SERVICE

I HAVE THIS DAY SERVED THE WITHIN ACTION AND SUMMONS AS FOLLOWS:

**[ ] PERSONAL**  Upon the following named defendant:

**[ ] NOTORIOUS** Upon defendant _____
By leaving a copy of the action and summons at the most notorious place of abode in the county.

Delivered the same to_____ described as follows:
approximate age _____ years; approximate weight_____pounds; approximate height_____feet and
_____inches, domiciled at the listed residence of the defendant.

**[ ] CORPORATION** Upon corporation_____

By serving _____, in charge of the office and
place of business of the corporation in this county.

By serving _____Linda Banks_____, its registered agent.

**[ ] TACK & MAIL** By posting a copy of the same to the door of the premises designated in the affidavit and/or summons, and
on the same day of such posting, by depositing a true copy of the same in the United States mail First Class mail, in an
envelope properly addressed to the defendant(s) at the address shown in the summons, containing adequate notice to the
defendant(s) to answer said summons at the place stated in the summons.

**[ ] NON EST** Did not serve because after a diligent search the defendant could not be found in the jurisdiction of the court.

_____

This _____22____ day of _____Mar_____, 20_21_.

SHERIFF DOCKET_____ PAGE

TIME: _____ ____. M.

DEPUTY

Q:\ Magforms\Forms\MAG 10-10 Sheriff's Entry of Service

Printed 03/22/2021 FOR Hubbard STATE COURT CLERK CHATHAM CO. GA 03/30/2021 6:47 PM
By: ksullivan
Served 3/22/2021 1:05
Brian K. Hart Clerk of Court

# Gwinnett County Sheriff's Office
## Cover Sheet



**Sheriff #:** 21008292

FOREIGN

**Person Served:** PROGRESSIVE MTN INSURANCE
C/O CT CORP
289 SOUTH CULVER STREET
LAWRENCEVILLE GA 30046
PHONE:

## Process Information:

Date Received: 03/19/2021

Assigned Zone: 289 S. Culver     Court Case #:   STCV21-00505

Expiration Date:     Hearing Date:

Paper Types: Summons, COMPLAINT, INTERR, , REQ PRODUCTION, ADMISSIONS

Notes/Alerts:

## Notes:

_____

_____

_____

_____

_____

_____

_____

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 3/30/2021 8:47 PM



Record ID _21008_

March 18, 2021

<u>**VIA FEDEX DELIVERY**</u>
Gwinnett County Sheriff
Attn: Civil Division
75 Langley Drive
Lawrenceville, GA 30046

      **Re:**   **<u>MARCIARIA WHITE v. CHARLTON COLLAR</u>**

Dear Sir/Madam:

Please serve UM carrier as directed on the Summons, Complaint, and Plaintiff's Request for Admissions, Interrogatories and Plaintiff's Request for Production of Documents. Please return the executed Sheriff's Affidavit of Service to me in the enclosed self-addressed envelopes.

I have also enclosed a check for $50.00 in satisfaction of your service fees. If you should you have any questions, please do not hesitate to contact me at mferguson@forthepeople.com or *(912) 443-1036* for prompt response.

Thank you very kindly, in advance, for your official civil service.

Sincerely,

Maureen E. Ferguson,
Litigation Paralegal to Gary M. Tiller

Copy from re:SearchGA

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO, GA, 3/30/2

*Brian R. Hart* - Clerk of Court



GWINNETT COUNTY
SHERIFF'S OFFICE
75 Langley Drive | Lawrenceville, GA 30046

BUG-SMB 31401

Presort
First Class Mail
ComBasPrice



US POSTAGE
$ 000.45⁰
ZIP 30336
02 4W
0000361547 MAR 23 2021

Copy from re:SearchGA

RECEIVED FOR FILING, STATE COURT/CLERK CHATHAM CO. GA, 3/30/2

Clerk of Court.



DFE — 1100664010

Copy from re:SearchGA

IN THE STATE COURT OF CHATHAM COUNTY

STATE OF GEORGIA

| | |
|---|---|
| MARCIARRIA WHITE & SHAQUITHEA HARRIS, | |
| Plaintiffs, | CIVIL ACTION FILE NO. STCV21-00505 |
| v. | |
| CHARLTON COLLAR, ORANGE PEEL TRANSPORTATION, INC., XYZ CORPORATION (#1-20) & JOHN DOE (#1-5) | |
| Defendants. | |

## DEFENDANT CHARLTON COLLAR AND ORANGE PEEL TRANSPORTATION, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

Defendants Charlton Collar ("Collar" herein) and Orange Peel Transportation, Inc. ("Orange Peel" herein) (collectively "Defendants" herein) respectfully file their Answer and Affirmative Defenses to Plaintiffs' Complaint as follows:

### FIRST DEFENSE

Plaintiffs may not recover some or all of their alleged damages against Defendants as a matter of law.

### SECOND DEFENSE

Pending additional investigation and discovery, no alleged breach of duty by one or both Defendants was the proximate cause of some or all of Plaintiffs' alleged damages.

### THIRD DEFENSE

Defendant Collar did not act recklessly or carelessly in connection with the subject accident.

## FOURTH DEFENSE

Neither Defendant Collar nor Defendant Orange Peel violated any applicable statute, regulation, or code; however, even if they did (which they did not), such violation was unintentional and in the exercise of ordinary care.

## FIFTH DEFENSE

Defendant Orange Peel was not negligent in hiring, retaining and/or supervising Defendant Collar.

## SIXTH DEFENSE

Pending additional investigation and discovery, Plaintiffs' injuries and damages may have been caused or contributed to by the actions of one or both Plaintiffs.

## SEVENTH DEFENSE

To the extent discovery indicates, Defendants preserve that apportionment may apply in accordance with O.C.G.A. § 51-12-33.

## EIGHTH DEFENSE

Plaintiffs are not entitled to any special damages to the extent that Plaintiffs have failed to specifically plead them in accordance with O.C.G.A. § 9-11-9(g).

## NINTH DEFENSE

Plaintiffs are not entitled to attorney's fees, expenses, post-judgment interest or pre-judgment interest under the facts of this case. Further, Defendants preserve all rights against Plaintiffs to the extent these claims are asserted without any justifiable basis in fact or law.

## TENTH DEFENSE

Defendants reserve any and all other defenses to which they may be entitled and to which they may learn in the course of the investigation and discovery in this action.

**ELEVENTH DEFENSE**

Defendants respond to the individually-numbered paragraphs of Plaintiffs' Complaint as follows:

1.

Defendants do not have sufficient knowledge or information at this time to admit or deny the allegations contained within Paragraph 1 of Plaintiffs' Complaint, and place Plaintiffs on strict proof of same.

2.

Admitted.

3.

Denied as pled. Defendant Orange Peel is a foreign profit corporation with a principal place of business located at 2568 Precision Drive, Virginia Beach, Virginia, 23454. Defendant Orange Peel is authorized to conduct business in the State of Georgia and may be served via its Registered Agent, Burton Burroughs, at the address of 1225 Bob Harmon Road, Suite 201, Savannah, Chatham County, Georgia 31408. Defendant Orange Peel admits that it is subject to the jurisdiction of this Court pursuant to the Georgia Long Arm Statute, O.C.G.A. § 9-10-91 and admits that the subject accident occurred in Chatham County, Georgia.

4.

Defendants do not have sufficient knowledge or information at this time to admit or deny the allegations contained within Paragraph 4 of Plaintiffs' Complaint, and place Plaintiffs on strict proof of same.

RECEIVED FOR FILING 3/22/2021 3:19:23 PM

5.

Defendants do not have sufficient knowledge or information at this time to admit or deny the allegations contained within Paragraph 5 of Plaintiffs' Complaint, and place Plaintiffs on strict proof of same.

6.

Denied as pled. Defendants Collar and Orange Peel cannot respond on behalf of Defendants other than themselves; therefore, no response is required to the allegations in Paragraph 6 of Plaintiffs' Complaint directed at XYZ Corporation (#1-20) and/or John Doe (#1-5). Further responding, Defendants Collar and Orange Peel admit that Chatham County is a proper venue as to Defendants Collar and Orange Peel.

## COUNT 1 –

## NEGLIGENCE OF DEFENDANT CHARLTON PRESLEY COLLAR

7.

Defendants incorporate their responses to Paragraphs 1 through 6 as if fully stated herein.

8-9.

Denied as pled. Further responding, Defendants admit that on August 14, 2020 at approximately 12:27 p.m., there was an accident between a vehicle operated by Plaintiff Shaquithea Harris and a vehicle operated by Defendant Collar in Chatham County, Georgia. At the time of the subject accident, Plaintiff Marciaria White was riding as a passenger in the vehicle operated by Plaintiff Shaquithea Harris. Defendants admit that Defendant Collar was found to be at-fault for the subject accident; however, Defendants specifically deny any allegations of recklessness, carelessness and/or unlawfulness.

10.

Pending initial discovery, Defendants neither admit nor deny this claim. Defendants preserve defenses relating to Plaintiffs' causation of damages claims pending medical discovery.

11.

Denied as pled. Defendants admit that Defendant Collar owed duties as prescribed under Georgia law. Further responding, Defendants admit that Defendant Collar was found to be at-fault for the subject accident due to following too close and admit that Defendant Collar was unable to timely apply his brakes so as to prevent the subject tractor from colliding with Plaintiffs' vehicle; however, Defendants specifically deny that Defendant Collar violated O.C.G.A. §§ 40-6-49, 40-6-241, and/or 40-6-390. Defendants further deny any allegation or inference of failure to make reasonable and proper observations and/or failure to act thereon, recklessness, carelessness, negligence *per se*, and/or gross negligence on the part of Defendant Collar. To the extent that further response is required, Defendants deny the allegations contained in Paragraph 11 of Plaintiffs' Complaint.

12.

Denied.

13.

Defendants continue to investigate and will pursue discovery in the lawsuit. Defendants do not have information sufficient to respond to all allegations, so the allegations are neither admitted nor denied. Defendants preserve defenses relating to Plaintiff Marciaria White's causation of damages claims pending medical discovery.

14.

Defendants continue to investigate and will pursue discovery in the lawsuit. Defendants do not have information sufficient to respond to all allegations, so the allegations are neither admitted nor denied. Defendants preserve defenses relating to Plaintiff Shaquithea Harris's causation of damages claims pending medical discovery.

## COUNT II – NEGLIGENCE OF DEFENDANT
## ORANGE PEEL TRANSPORTATION, INC.

15.

Defendants incorporate their responses to Paragraphs 1 through 14 as if fully stated herein.

16.

Admitted.

17.

Admitted.

18.

Denied.

19.

Defendants continue to investigate and will pursue discovery in the lawsuit. Defendants do not have information sufficient to respond to all allegations, so the allegations are neither admitted nor denied. Defendants preserve defenses relating to Plaintiff Marciaria White's causation of damages claims pending medical discovery.

20.

Defendants continue to investigate and will pursue discovery in the lawsuit. Defendants do not have information sufficient to respond to all allegations, so the allegations are neither admitted nor denied. Defendants preserve defenses relating to Plaintiff Shaquithea Harris's causation of damages claims pending medical discovery.

21.

In response to the prayer for relief located immediately after Paragraph 20 of Plaintiffs' Complaint, including but not limited to sub-paragraphs (a), (b), (c), (d), (e), (f) and (g), Defendants deny the allegations contained therein and deny that Plaintiff is entitled to recover any damages from these Defendants.

22.

Any allegations contained in Plaintiff's Complaint not admitted, denied, or otherwise responded to above, are hereby denied.

23.

DEFENDANTS HEREBY DEMAND A TRIAL BY A JURY OF TWELVE.

[d
[Date and signature on following page]

Respectfully submitted this 15th day of April, 2021.

**DREW, ECKL & FARNHAM, LLP**

/s/ Lara Ortega Clark
Hall F. McKinley, III
Georgia Bar No. 495512
Lara Ortega Clark
Georgia Bar No. 281245
William J. Martin
Georgia Bar No. 387464
*Attorneys for Defendants Charlton Collar*
*and Orange Peel Transportation, Inc.*

303 Peachtree Street, NE, Suite 3500
Atlanta, GA  30308
(404) 885-1400
Email:  McKinleyH@deflaw.com
          ClarkL@deflaw.com
          MartinW@deflaw.com

IN THE STATE COURT OF CHATHAM COUNTY

STATE OF GEORGIA

| | |
|---|---|
| MARCIARRIA WHITE & SHAQUITHEA HARRIS, | |
| Plaintiffs, | CIVIL ACTION FILE NO. STCV21-00505 |
| v. | |
| CHARLTON COLLAR, ORANGE PEEL TRANSPORTATION, INC., XYZ CORPORATION (#1-20) & JOHN DOE (#1-5) | |
| Defendants. | |

## **CERTIFICATE OF SERVICE**

This is to certify that the undersigned has served a true and correct copy of the foregoing document upon opposing counsel electronically through Odyssey E-file Georgia addressed as follows:

Gary M. Tiller
Morgan & Morgan
25 Bull Street, Suite 400
Savannah, Georgia 31401
rgtiller@forthepeople.com

This 15th day of April, 2021.

**DREW ECKL & FARNHAM, LLP**

*/s/ Lara Ortega Clark*
Lara Ortega Clark
Georgia Bar No. 281245
*Attorneys for Defendants Charlton Collar and Orange Peel Transportation, Inc.*

303 Peachtree Street, N.E.
Suite 3500
Atlanta, Georgia 30308
(404) 885-1400
clarkl@deflaw.com

0210 4 0458

# LeClair Ryan
A Professional Corporation
Attorneys at Law
999 Waterside Drive, Suite 515
Norfolk, Virginia 23510

Alexandria Office:
Telephone: (703) 684-8007

Blacksburg Office:
Telephone: (540) 961-2762

Charlottesville Office:
Telephone: (804) 971-7771

Innsbrook Office:
Telephone: (804) 270-0070

Richmond Office:
Telephone: (804) 783-2003

Roanoke Office:
Telephone: (540) 777-6903

Washington, D.C. Office:
Telephone: (202) 659-4140

Telephone: (757) 624-1454
Facsimile: (757) 624-3773

Neal P. Brodsky, Esq.
Direct Dial: (757) 441-8912

Toll Free: (888) 678-7540

Email: nbrodsky@leclairryan.com

October 9, 2002

**BY FEDERAL EXPRESS**

Clerk's Office
State Corporation Commission
1300 East Main Street, First Floor
Richmond, VA 23219

021010 0028

Re:   Orange Peel Transportation, Inc.

Dear Sir or Madam:

Please file the enclosed Articles of Incorporation of Orange Peel Transportation, Inc., a Virginia corporation. This firm's check in the amount of $75 is enclosed to cover your fee for filing the same. Please return the certificate of incorporation to me at the address on the letterhead above.

Thank you for your assistance.

Sincerely,

Neal P. Brodsky

NPB/kes
Enclosures

$50
25
$75

num
10-18-02

585229-8

EXHIBIT B



# COMMONWEALTH OF VIRGINIA

CLINTON MILLER
CHAIRMAN

THEODORE V. MORRISON, JR.
COMMISSIONER

HULLIHEN WILLIAMS MOORE
COMMISSIONER

JOEL H. PECK
CLERK OF THE COMMISSION
P.O. BOX 1197
RICHMOND, VIRGINIA 23218-1197

STATE CORPORATION COMMISSION
Office of the Clerk

October 11, 2002

NEAL P BRODSKY
LE CLAIR RYAN
999 WATERSIDE DR SUITE 515
NORFOLK, VA 23510

RE:   Orange Peel Transportation, Inc.
ID:   0585229 - 8
DCN:  02-10-10-0028

Dear Customer:

This is your receipt for $75.00, to cover the fees for filing articles of incorporation with this office.

The effective date of the certificate of incorporation is October 11, 2002.

If you have any questions, please call (804) 371-9733 or toll-free in Virginia, 1-866-722-2551.

Sincerely,

*Joel H. Peck*

Joel H. Peck
Clerk of the Commission

CORPRCPT
NEWCD
CIS0423

Tyler Building, 1300 East Main Street, Richmond, VA 23219-3630
Clerk's Office (804) 371-9733 or (866) 722-2551 (toll-free in Virginia) www.state.va.us/scc/division/clk
Telecommunications Device for the Deaf-TDD/Voice: (804) 371-9206

## COMMONWEALTH OF VIRGINIA
## STATE CORPORATION COMMISSION

October 11, 2002

The State Corporation Commission has found the accompanying articles submitted on behalf of

## Orange Peel Transportation, Inc.

to comply with the requirements of law, and confirms payment of all required fees.

Therefore, it is ORDERED that this

## CERTIFICATE OF INCORPORATION

be issued and admitted to record with the articles of incorporation in the Office of the Clerk of the Commission, effective October 11, 2002.

The corporation is granted the authority conferred on it by law in accordance with the articles, subject to the conditions and restrictions imposed by law.

STATE CORPORATION COMMISSION

By _____

Commissioner

CORPACPT
CIS0423
02-10-10-0028

# ARTICLES OF INCORPORATION

## OF

## ORANGE PEEL TRANSPORTATION, INC.

I.

The name of the corporation is Orange Peel Transportation, Inc..

II.

The purpose for which the Corporation is formed is to transact any or all lawful business, not required to be specifically stated in these Articles, for which corporations may be incorporated under the Virginia Stock Corporation Act, as amended from time to time.

III.

The number of shares of common stock which the Corporation shall have authority to issue shall be 5,000 shares, without par value (the "Common Stock"). No holder of shares of any class of stock of the Corporation shall, except as may be provided in any written agreement entered into by the Corporation and any such holder or holders of shares, have any preemptive or preferential right to purchase or subscribe to (i) any shares of any class of the Corporation, whether now or hereafter authorized; (ii) any warrants, rights, or options to purchase any such shares; or (iii) any securities or obligations convertible into any such shares or into warrants, rights or options to purchase any such shares.

IV.

The initial registered office shall be located at 999 Waterside Drive, Suite 515, Norfolk, Virginia 23510, in the City of Norfolk, Virginia, and the initial registered agent shall be Neal P. Brodsky, who is a resident of Virginia and a member of the Virginia State Bar, and whose business address is the same as the address of the initial registered office.

V.

1.      In this Article:

"Applicant" means the person seeking indemnification pursuant to this Article.

"Expenses" includes counsel fees.

"Liability" means the obligation to pay a judgment, settlement, penalty, fine, including any excise tax assessed with respect to an employee benefit plan, or reasonable expenses incurred with respect to a proceeding.

"Party" includes an individual who was, is, or is threatened to be made a named defendant or respondent in a proceeding.

"Proceeding" means any threatened, pending, or completed action, suit or proceeding, whether civil, criminal, administrative or investigative and whether formal or informal.

2.     In any proceeding brought by or in the right of the Corporation or brought by or on behalf of shareholders of the Corporation, no director or officer of the Corporation shall be liable to the Corporation or its shareholders for monetary damages with respect to any transaction, occurrence or course of conduct, whether before or after the effective date of this Article, except for liability resulting from that person's having engaged in willful misconduct or a knowing violation of the criminal law.

3.     The Corporation shall indemnify (i) any person who was or is a party to any proceeding, including a proceeding brought by a shareholder in the right of the Corporation or brought by or on behalf of shareholders of the Corporation, by reason of the fact that the person is or was a director or officer of the Corporation, or (ii) any director or officer who is or was serving at the request of the Corporation as a director, trustee, partner or officer of another corporation, partnership, joint venture, trust, employee benefit plan or other enterprise, against any liability incurred by that person in connection with the proceeding unless that person engaged in willful misconduct or a knowing violation of the criminal law.  A person whose duties to the Corporation also impose duties on, or otherwise involve services by, that person to an employee benefit plan or to participants in or beneficiaries of the plan is considered to be serving the plan at the Corporation's request. The Board of Directors is hereby empowered, by a majority vote of a quorum of disinterested directors, to authorize the Corporation to enter into a contract to indemnify any director or officer in respect of any proceedings arising from any act or omission, whether occurring before or after the execution of the contract.

4.     No amendment or repeal of this Article shall affect the rights provided under this Article with respect to any act or omission occurring before the amendment or repeal.  The Corporation shall promptly take all such actions, and make all such determinations, as shall be necessary or appropriate to comply with its obligation to make any indemnity under this Article and shall promptly pay or reimburse all reasonable expenses, including attorneys' fees, incurred by any such director, officer, employee or agent in connection with such actions and determinations or proceedings of any kind arising therefrom.

5.     The termination of any proceeding by judgment, order, settlement, conviction, or upon a plea of nolo contendere or its equivalent, shall not of itself create a presumption that the applicant did not meet the standard of conduct described in Section (2) or (3) of this Article.

6.     Any indemnification under Section (3) of this Article (unless ordered by a court) shall be made by the Corporation only as authorized in the specific case upon a determination that indemnification is proper in the circumstances because the applicant has met the standard of conduct set forth in Section (3).

2

The determination shall be made:

    a.    By the Board of Directors by a majority vote of a quorum consisting of directors not at the time parties to the proceeding;

    b.    If a quorum cannot be obtained under subsection (a) of this Section (6), by majority vote of a committee duly designated by the Board of Directors (in which designation directors who are parties may participate), consisting solely of two or more directors not at the time parties to the proceeding;

    c.    By special legal counsel:

    (1)    Selected by the Board of Directors or its committee in the manner prescribed in subsection (a) or (b) of this Section (6); or

    (2)    If a quorum of the Board of Directors cannot be obtained under subsection (a) of this Section (6) and a committee cannot be designated under subsection (b) of this Section (6), selected by majority vote of the full Board of Directors, in which selection directors who are parties may participate; or

    d.    By the shareholders, but shares owned by or voted under the control of directors who are at the time parties to the proceeding may not be voted on the determination.

Any evaluation as to reasonableness of expenses shall be made in the same manner as the determination that indemnification is appropriate, except that if the determination is made by special legal counsel, such evaluation as to reasonableness of expenses shall be made by those entitled under subsection (c) of this Section (6) to select counsel.

Notwithstanding the foregoing, if the composition of a majority of the Board of Directors has changed after the date of the alleged act or omission with respect to which indemnification is claimed, any determination with respect to any claim for indemnification or advancement of expenses made pursuant to this Article shall be made by special legal counsel agreed upon by the Board of Directors and applicant. If the Board of Directors and the applicant are unable to agree upon such special legal counsel, the Board of Directors and the applicant each shall select a nominee, and the nominees shall select such special legal counsel.

    7.    a.    The Corporation shall pay for or reimburse the reasonable expenses incurred by any applicant who is a party to a proceeding in advance of final disposition of the proceeding or the making of any determination under Section (3) if the applicant furnishes the Corporation:

    (1)    a written statement of the applicant's good faith belief that he or she has met the standard of conduct described in Section (3); and

3

(2)     a written undertaking, executed personally or on the applicant's behalf, to repay the advance if it is ultimately determined that the applicant did not meet such standard of conduct.

b.     The undertaking required by paragraph (2) of subsection (a) of this Section (7) shall be an unlimited general obligation of the applicant but need not be secured and may be accepted without reference to financial ability to make repayment.

c.     Authorizations of payments under this Section (7) shall be made by the persons specified in Section (6).

8.     The Board of Directors is hereby empowered, by majority vote of a quorum consisting of disinterested directors, to cause the Corporation to indemnify or contract to indemnify any person not specified in Section (2) or (3) of this Article who was, is or may become a party to any proceeding, by reason of the fact that the person is or was an employee or agent of the Corporation, is or was serving at the request of the Corporation as a director, officer, employee or agent of another corporation, partnership, joint venture, trust, employee benefit plan or other enterprise, to the same extent as if that person were specified as one to whom indemnification is granted in Section (3).   The provisions of Sections (4) through (7) of this Article shall be applicable to any indemnification provided hereafter pursuant to this Section (8).

9.     The Corporation may purchase and maintain insurance to indemnify it against the whole or any portion of the liability assumed by it in accordance with this Article and may also procure insurance, in such amounts as the Board of Directors may determine, on behalf of any person who is or was a director, officer, employee or agent of the Corporation, or is or was serving at the request of the Corporation as a director, officer, employee or agent of another corporation, partnership, joint venture, trust, employee benefit plan or other enterprise, against any liability asserted against or incurred in any such capacity or arising from the person's status as such, whether or not the Corporation would have power to indemnify that person against such liability under the provisions of this Article.

10.     Every reference herein to directors, officers, employees or agents shall include former directors, officers, employees and agents and their respective heirs, executors and administrators.   The indemnification hereby provided and provided hereafter pursuant to the power hereby conferred by this Article on the Board of Directors shall not be exclusive of any other rights to which any other person may be entitled, including any right under policies of insurance that may be purchased and maintained by the Corporation or others, with respect to claims, issues or matters in relation to which the Corporation would not have the power to indemnify that person under the provisions of this Article.   Such rights shall not prevent or restrict the power of the Corporation to make or provide for any future indemnity, or provisions for determining entitlement to indemnity, pursuant to one or more indemnification agreements, bylaws, or other arrangements (including, without limitation, creation of trust funds or security interests funded by letters of credit or other means) approved by the Board of Directors (whether or not any of the directors of the Corporation shall be a party to or beneficiary of any such agreements, bylaws or arrangements); provided, however, that any provision of such agreements,

4

bylaws or other arrangements shall not be effective if and to the extent that it is determined to be contrary to this Article or applicable laws of the Commonwealth of Virginia.

11.    Each provision of this Article shall be severable, and an adverse determination as to any such provision shall in no way affect the validity or any other provision.

## VI.

Unless these Articles of Incorporation provide otherwise or the Board of Directors conditions its submission of a particular matter on receipt of a greater vote or on any other basis permitted by applicable law, the vote of the holders of a majority of the outstanding shares of any series or class of stock voting as such series or class, or any series and/or class(es) of stock voting together as a voting group, entitled to vote on the following matters required by applicable law to be submitted to such series, class(es) or voting group shall be required and sufficient for the adoption or approval thereof by such series, class(es) or voting group: (i) any amendment or restatement of the Articles of Incorporation of the Corporation, (ii) a plan of merger, (iii) a plan of share exchange, (iv) the sale, lease or exchange or other disposition of all or substantially all of the property of the Corporation other than in the usual and regular course of business, or (v) a proposal to dissolve the Corporation. The foregoing provisions of this Article shall not be construed to alter or modify in any respect the voting requirements prescribed by the Virginia Stock Corporation Act  (the "Act") which would in the absence of such provisions be applicable to the approval of any affiliated transaction (as defined in the Act) or any amendment of the Articles of Incorporation relating to the vote required for such approval.

## VII.

Except as otherwise provided in the bylaws, the Board of Directors shall have the power to make, amend or repeal bylaws of the Corporation.

## VIII.

The creation or the issuance to directors, officers or employees of the Corporation or any subsidiary of the Corporation of rights, options or warrants for the purchase of Common Stock of the Corporation, where such rights, options or warrants are not issued or to be issued to shareholders of the Corporation generally, shall not require approval by the shareholders of the Corporation.

## IX.

Any action required or permitted by the Virginia Stock Corporation Act, as may be amended from time to time, to be taken at a shareholders' meeting may be taken without a meeting and without prior notice, if the action is taken by shareholders who would be entitled to vote at a meeting of holders of outstanding shares having voting power to cast not less than the minimum number (or numbers, in the case of voting by groups) of votes that would be necessary to authorize or take the action at a meeting at which all shareholders entitled to vote thereon were

present and voted.  Such action shall be evidenced by one or more written consents describing the action taken, signed by the shareholders entitled to take such action without a meeting and delivered to the Secretary of the Corporation for inclusion in the Corporation's minutes or filing with its corporate records.  Such consent or consents shall state the date of execution by each shareholder.  If action is to be taken under this Article by less than all of the shareholders entitled to vote on the action, the Corporation shall give written notice of the proposed action to all shareholders entitled to vote on the action not less than five days before the action is taken.


Dated:  October 9, 2002


_____

Neal P. Brodsky, Incorporator

6

# STATE OF GEORGIA
## Secretary of State
### Corporations Division
### 313 West Tower
### 2 Martin Luther King, Jr. Dr.
### Atlanta, Georgia 30334-1530

**ANNUAL REGISTRATION**

*Electronically Filed*
Secretary of State
Filing Date: 1/10/2020 9:23:52 AM

### BUSINESS INFORMATION

| | |
|---|---|
| **CONTROL NUMBER** | 09063044 |
| **BUSINESS NAME** | ORANGE PEEL TRANSPORTATION, INC. |
| **BUSINESS TYPE** | Foreign Profit Corporation |
| **EFFECTIVE DATE** | 01/10/2020 |
| **ANNUAL REGISTRATION PERIOD** | 2020, 2021 |

### PRINCIPAL OFFICE ADDRESS

| | |
|---|---|
| **ADDRESS** | 2568 Precision Drive, Virginia Beach, VA, 23454, USA |

### REGISTERED AGENT

| NAME | ADDRESS | COUNTY |
|---|---|---|
| Burroughs, Burton | 1225 BOB HARMON RD. STE 201, Savannah, GA, 31408, USA | Chatham |

### OFFICERS INFORMATION

| NAME | TITLE | ADDRESS |
|---|---|---|
| BURTON BURROUGHS | SECRETARY | 2568 Precision Drive, Virginia Beach, VA, 23454, USA |
| BURTON BURROUGHS | CFO | 2568 Precision Drive, Virginia Beach, VA, 23454, USA |
| BURTON BURROUGHS | CEO | 2568 Precision Drive, Virginia Beach, VA, 23454, USA |

### AUTHORIZER INFORMATION

| | |
|---|---|
| **AUTHORIZER SIGNATURE** | Burton Burroughs |
| **AUTHORIZER TITLE** | Officer |

EXHIBIT C



## 2020 ANNUAL REPORT
### COMMONWEALTH OF VIRGINIA
### STATE CORPORATION COMMISSION



Commonwealth of Virginia
State Corporation Commission
Office of the Clerk
Entity ID: 05852298
Filing Number: 2010212494359
Filing Date/Time: 10/21/2020 12:20 PM
Effective Date/Time: 10/21/2020 12:20 PM

1. CORPORATION NAME:

   Orange Peel Transportation, Inc.

   DUE DATE: **10/31/20**

2. VA REGISTERED AGENT NAME AND OFFICE ADDRESS: ATTY.

   DONALD L. COLEMAN III
   2901 S. LYNNHAVEN RD
   SUITE 210
   VIRGINIA BEACH, VA 23452-0000

   SCC ID NO.: **0585229-8**

   5. TOTAL NUMBER OF AUTHORIZED
      SHARES: 5,000

3. CITY OR COUNTY OF VA REGISTERED OFFICE:

   810-VIRGINIA BEACH CITY

4. STATE OR COUNTRY OF INCORPORATION:

   VA-Virginia

DO NOT ATTEMPT TO ALTER THE INFORMATION ABOVE.  Carefully read the enclosed instructions. Type or print in black only.

6. PRINCIPAL OFFICE ADDRESS:

| ☐ Mark this box if address shown below is correct | If the block to the left is blank or contains incorrect data please add or correct the address below. |
|---|---|
| ADDRESS:  2568 Precision Dr | ADDRESS: |
| CITY/ST/ZIP   Virginia Beach, VA 23454-5321 | CITY/ST/ZIP |

7. DIRECTORS AND PRINCIPAL OFFICERS:     All directors and principal officers must be listed.
                                         An individual may be designated as both a director and an officer.

0009419

| Mark appropriate box unless area below is blank:<br>☐ Information is correct   ☐ Information is incorrect   ☐ Delete information | If the block to the left is blank or contains incorrect data, please mark appropriate box and enter information below:<br>☐ Correction  ☐ Addition  ☐ Replacement |
|---|---|
| OFFICER ☒   DIRECTOR ☒ | OFFICER ☐  DIRECTOR ☐ |
| NAME:  Burton Burroughs | NAME: |
| TITLE:  President | TITLE: |
| ADDRESS: | ADDRESS: |
| CITY/ST/ZIP: | CITY/ST/ZIP: |

I affirm that the information contained in this report is accurate and complete as of the date below.

_Burton Burroughs_ | BURTON BURROUGHS  PRESIDENT | 10/14/20
SIGNATURE OF DIRECTOR/OFFICER | PRINTED NAME AND CORPORATE TITLE | DATE
LISTED IN THIS REPORT

It is a Class 1 misdemeanor for any person to sign a document that is false in any material respect with intent that the document be delivered to the Commission for filing.

EXHIBIT D

## 2020 ANNUAL REPORT CONTINUED

CORPORATION NAME:
Orange Peel Transportation, Inc.

DUE DATE: **10/31/20**
SCC ID NO.: **0585229-8**

7. DIRECTORS AND PRINCIPAL OFFICERS: (continued)

All directors and principal officers must be listed.
An individual may be designated as both a director and an officer.

| Mark appropriate box unless area below is blank: | If the block to the left is blank or contains incorrect data, please mark appropriate box and enter information below: |
|---|---|
| ☐ Information is correct   ☐ Information is incorrect   ☐ Delete information | ☐ Correction   ☐ Addition   ☐ Replacement |
| OFFICER ☒  DIRECTOR ☒ | OFFICER ☐  DIRECTOR ☐ |
| NAME: BURTON E BURROUGHS | NAME: |
| TITLE: P/S/T | TITLE: |
| ADDRESS: 846 DEVEREAUX DR | ADDRESS: |
| CITY/ST/ZIP: VA BEACH, VA 23452-0000 | CITY/ST/ZIP: |

| Mark appropriate box unless area below is blank: | If the block to the left is blank or contains incorrect data, please mark appropriate box and enter information below: |
|---|---|
| ☐ Information is correct   ☐ Information is incorrect   ☐ Delete information | ☐ Correction   ☐ Addition   ☐ Replacement |
| OFFICER ☐  DIRECTOR ☐ | OFFICER ☐  DIRECTOR ☐ |
| NAME: | NAME: |
| TITLE: | TITLE: |
| ADDRESS: | ADDRESS: |
| CITY/ST/ZIP: | CITY/ST/ZIP: |

| Mark appropriate box unless area below is blank: | If the block to the left is blank or contains incorrect data, please mark appropriate box and enter information below: |
|---|---|
| ☐ Information is correct   ☐ Information is incorrect   ☐ Delete information | ☐ Correction   ☐ Addition   ☐ Replacement |
| OFFICER ☐  DIRECTOR ☐ | OFFICER ☐  DIRECTOR ☐ |
| NAME: | NAME: |
| TITLE: | TITLE: |
| ADDRESS: | ADDRESS: |
| CITY/ST/ZIP: | CITY/ST/ZIP: |

| Mark appropriate box unless area below is blank: | If the block to the left is blank or contains incorrect data, please mark appropriate box and enter information below: |
|---|---|
| ☐ Information is correct   ☐ Information is incorrect   ☐ Delete information | ☐ Correction   ☐ Addition   ☐ Replacement |
| OFFICER ☐  DIRECTOR ☐ | OFFICER ☐  DIRECTOR ☐ |
| NAME: | NAME: |
| TITLE: | TITLE: |
| ADDRESS: | ADDRESS: |
| CITY/ST/ZIP: | CITY/ST/ZIP: |

0009419

